CV-06  3589  ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MARY HOLLMAN, individually and as the Administrator
of the Estate of SAMUEL A. COX, and the Estate of
SAMUEL A. COX, on behalf of decedent JOHN COX,

                               Plaintiff,

-against-

(B.F.)

COUNTY OF SUFFOLK, VILLAGE OF BELLPORT,
SUFFOLK COUNTY POLICE DEPARTMENT,
Suffolk Homicide Commander Det. Lieutenant
JACK FITZPATRICK, in his individual and
official capacity, POLICE OFFICERS "JOHN DOE"
1 through 10, whose names are known by the
defendants but as of yet are not known by Plaintiffs,
OFFICE OF THE SUFFOLK COUNTY
MEDICAL EXAMINER, CHARLES WETLI, M.D.,
Medical Examiner, in his individual and official capacity
JAMES C. WILSON, M.D., Deputy Medical Examiner,
in his individual and official capacity, BROOKHAVEN
MEMORIAL HOSPITAL MEDICAL CENTER,
INCORPORATED VILLAGE OF BELLPORT,
BELLPORT AMBULANCE RESCUE UNIT,
(a.k.a. BELLPORT E.M.T.UNIT), JOHN DOE EMT'S,
each in their individual and official capacity, and
JOHN DOE, Ambulance Driver, in his individual and
official capacity,

                               Defendants

-----------------------------------------------------------------------X

Docket No.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 21 2006  ★

LONG ISLAND OFFICE

HURLEY, J.
ORENSTEIN, M.

**COMPLAINT**

**PLAINTIFFS DEMANDS
TRIAL BY JURY**

       Plaintiffs, by their attorneys, THE LAW OFFICES OF FREDERICK K. BREWINGTON,

as and for their complaint against the above captioned defendants, respectfully set forth as follows:

## INTRODUCTION AND GENERAL ALLEGATIONS

    1.     This is an action for money damages and a declaratory judgment against the above

1

captioned defendants, individually and collectively, for committing acts under color of law that deprived plaintiffs of their rights as secured by the Constitution and laws of the United States and the State of New York, including denial of due process and equal protection under the law, cruel and unusual punishment, assault and battery, unlawful use of deadly and excessive force resulting in death, negligence, intentional infliction of emotional distress, wrongful death, failure to properly train, negligent supervision, and failure to warn and educate, and medical malpractice / negligence in failing to provide proper medical care for the now deceased patient, in violation of 42 U.S.C. Sections 1981, 1983 (including Municipal Liability, and violations of the Fifth and Fourteenth Amendments of the United States Constitution), 42 U.S.C. Sections 1985 and 1986, and related state law claims as set forth below.

2.     Upon information and belief, Defendant POLICE OFFICERS "JOHN DOE" 1 through 9 ("POLICE OFFICERS"), from the defendant SUFFOLK COUNTY POLICE DEPARTMENT, acted individually and collectively and under color of law on the night of April 22, 2005, when said defendant POLICE OFFICERS viciously kicked, stomped, beat and electrically shocked the now deceased JOHN COX. Said defendant POLICE OFFICERS further assaulted JOHN COX, battered him, and used excessive and unnecessary force, which caused his life to end and further caused severe physical harm, extreme pain and suffering prior to his death, in violation of plaintiff's decedent, JOHN COX's constitutional and civil rights.

3.     Upon information and belief, Defendants COUNTY OF SUFFOLK ("COUNTY"), SUFFOLK COUNTY POLICE DEPARTMENT ("POLICE DEPARTMENT"), Suffolk Homicide Commander Det. Lieutenant JACK FITZPATRICK ("FITZPATRICK"), as part of a pattern, practice and custom, failed to properly investigate, supervise and discipline the actions of defendant POLICE OFFICERS before, during and after the improper killing of plaintiff's decedent, JOHN

COX.

4.     Upon information and belief, Defendants COUNTY OF SUFFOLK ("COUNTY"),

SUFFOLK COUNTY POLICE DEPARTMENT ("POLICE DEPARTMENT"), Suffolk Homicide

Commander Det. Lieutenant JACK FITZPATRICK ("FITZPATRICK"), were negligent in training,

hiring and supervising defendant POLICE OFFICERS JOHN DOE, 1 through 9, thus leading to the

unjustified excessive force, assault, false arrest and death.

5.     Upon information and belief, Defendants POLICE OFFICERS, without lawful

justification and based on an intent to deprive JOHN COX of his rights, acted with the knowledge

that their wrongful conduct had the tacit authorization of the COUNTY, the COUNTY POLICE

DEPARTMENT, and FITZPATRICK. With such tacit authorization and condonement, defendant

POLICE OFFICERS proceeded to use unnecessary force, and negligently, purposefully,

intentionally, maliciously and violently shocked, restrained, kicked, hit, and stomped on JOHN COX

about his body, groin and head, causing multiple wounds, without care or caution as to their acts

leading to and causing the painful death of JOHN COX, and causing grave injuries to said JOHN

COX, which resulted in pain and suffering before death.

6.     After said unlawful abuse and electrical shocking, beating and restraint, upon strong

information and belief, the defendant POLICE OFFICERS collectively contrived facts and a false

story, in an attempt to justify their wrongful shocking of, and excessive and deadly force visited

upon JOHN COX. Plaintiffs further allege that defendants COUNTY, POLICE DEPARTMENT

and POLICE OFFICERS conspired, planned and agreed to delay the release of information to the

family of JOHN COX, in an attempt to coverup the wrongful actions of police and police personnel

in an attempt to justify the killing of plaintiffs' decedent and to avoid liability and responsibility.

7.     Defendants OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER ("MEDICAL EXAMINER") and defendants Charles Wetli, M.D., Medical Examiner ("DR. WETLI") , in his individual and official capacity and James C. Wilson, M.D., Deputy Medical Examiner ("DR. WILSON"), in his individual and official capacity,  withheld the issuance of an autopsy report for an unreasonable period of time, and continues to withhold said autopsy report as of the filing of this complaint.  Upon strong information and belief and based upon their conduct to date, defendants MEDICAL EXAMINER, DR. WETLI and/or DR. WILSON and any agents/employees of DR. WETLI and/or DR. WILSON and/or the MEDICAL EXAMINER's OFFICE will, in all likelihood, attempt to cover up the wrongful acts of the other defendants, by (a) ignoring the empirical evidence that JOHN COX's death was consistent with excessive force and prolonged and repeated, Taser Gun applications, and by (b) instead asserting that the violent and violative acts of the other defendants did not cause or contribute to the wrongful death of Plaintiffs' decedent.

8.     Upon information and belief, defendants COUNTY, POLICE DEPARTMENT and FITZPATRICK have ignored, condoned, permitted and perpetuated a pattern of POLICE OFFICERS using unlawful excessive force, tazer-gun shocking, and abuse of process of mentally disabled persons and/or African-Americans, thus constituting an unofficial policy, custom and practice, through such acts as (i) failing to properly investigate such incidents of excessive force, (ii) failing to properly train and/or discipline the officers involved in such incidents, (iii) prematurely and categorically siding with police officers involved in such incidents prior to any investigation, with the foreseeable result that the police officers of the SUFFOLK COUNTY POLICE DEPARTMENT, including defendant POLICE OFFICERS, would  be/are encouraged to believe

4

that they can violate the rights of persons such as Plaintiffs' decedent, JOHN COX, with impunity.

9.      The plaintiff's further allege the defendants COUNTY and POLICE DEPARTMENT had a to duty train, supervise and discipline police officers, including the defendant police officers, and were negligent in their training, hiring, supervising and disciplining of POLICE OFFICERS JOHN DOE 1 - 9.

10.      Defendants BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, BELLPORT RESCUE / AMBULANCE UNIT (a.k.a. AMBULANCE UNIT), and JOHN DOE EMT'S, each in their individual and official capacity, had a duty to provide prompt and immediate medical attention to severely / gravely injured persons such as plaintiffs' decedent JOHN COX, and to assess the severity of injuries and administer those life-saving measures as would be warranted when said person has life threatening injuries.

11.      Plaintiffs further allege that, prior to April 22, 2005 , TASER INTERNATIONAL INCORPORATED (hereinafter "TASER') distributed, sold, transferred and delivered to the County of Suffolk and the Suffolk County Police Department, certain Taser weapons/guns ("*TASER GUNS")* for use by members of the defendant SUFFOLK COUNTY POLICE DEPARTMENT.

12.      On April 22, 2005, defendant POLICE OFFICERS utilized the aforesaid *TASER GUNS* provided, sold and/or supplied to them by TASER in a manner that was foreseeable and consistent with the uses and capabilities of the manufacturer, TASER.

13.      On April 22, 2005, the aforesaid *TASER GUNS* were being used on the body and person of the decedent,  JOHN COX.. Specifically, on April 22, 2005, the aforesaid *TASER GUN(S),* were deployed and operated by members of the defendant POLICE DEPARTMENT, by pointing and shooting at, and/or depressing the hand held weapon directly against the body and

5

person of the decedent JOHN COX, as the intended target of the weapon.

14.     On April 22, 2005, the defendant POLICE OFFICERS, acting with weapons given to them by the defendant SUFFOLK COUNTY and POLICE DEPARTMENT, utilized the aforesaid *TASER GUN(S)* at least five (5) separate times, including contact and /or near contact by POLICE OFFICERS directly onto the body of JOHN COX, leaving third-degree burns and with each deployment issuing an electrical charge of 50,000 volts to the body of the decedent, JOHN COX.

## JURISDICTION AND VENUE

15.  This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

16.     Prior hereto and within the proper time allotted, plaintiff MARY HOLLMAN, and the late SAMUEL A. COX, filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq. and CPLR 215, as against each municipal defendant. More than 90 days have elapsed since the May 5, 2005 Notice of Claim, and defendants have failed and refused to pay or adjust same. Plaintiff HOLLMAN has complied with all conditions precedent to filing the within complaint have been complied with.

17.     Venue for this action is the Eastern District of New York based on plaintiffs' residence, and the place where the actions complained of herein occurred.

## PARTIES

18.     During all times mentioned in this complaint, plaintiffs' decedent, JOHN COX was, prior to his wrongful death, a disabled resident of the United States residing in the State of New York and the County of Suffolk.

19.     During all times mentioned in this complaint, plaintiff MARY HOLLMAN, was the sister of the decedent JOHN COX, and was the daughter of SAMUEL A. COX, and is currently the administrator of the Estate of SAMUEL A. COX, the now deceased father of the decedent JOHN COX.

20.     SAMUEL A. COX, who died on July 13, 2005, was the sole survivor and a co-administrator of the estate of his son, the late JOHN COX.   Prior to his death in July of 2005, SAMUEL A COX was a proposed co-administrator on behalf of the Estate of JOHN COX, and in such capacity, filed a Notice of Claim on behalf of the estate of decedent JOHN COX in May of 2005, asserting claims on JOHN COX's behalf, and asserting claims on SAMUEL COX's behalf.

21.     On or about June 16, 2006, nine months after the death of SAMUEL COX, Plaintiff MARY HOLLMAN was duly appointed as the Administrator of The Estate of SAMUEL A. COX., which empower MARY HOLLMAN to prosecute the instant action, and in that capacity, is the proposed administrator of The Estate of JOHN COX.  MARY HOLLMAN is a residents of the United States, residing in Raleigh, North Carolina.   In May of 2005, MARY HOLLMAN  had timely filed a Notice of Claim against the defendants, as a co-claimant to the now deceased SAMUEL A. COX.

22.     From July 13, 2005 through the present, the statute of limitations for filing the within claims under 42 U.S.C. Sections 1985 an 1986, assault and battery, and all other applicable claims

7

set forth herein, on behalf of JOHN COX was tolled and continues to be tolled, due to (a) the July 13, 2006 death of the former administrator of JOHN COX's estate (his father Samuel Cox), and (b) the time that was required, to have MARY HOLLMAN appointed as Administrator for the Estate of Samuel Cox in North Carolina (with a petition for such appointment in New York still pending within the Surrogate Court), to seek the relief that Samuel Cox was in the process of seeking for his son, decedent JOHN COX. Regardless, Plaintiff avers that, pursuant to McKinney's EPTL (Estates Powers and Trusts Law, § 5-4.1, the within claims are timely, based on the May, 2005 Notice of Claim filed in the within matter by the Estate of Samuel Cox, the April 22, 2005 date of the death of John Cox, and the governing law tolling the statute of limitations for Mary Hollman, during the time in which she applied / applies for letters of administration. On July 14, 2006 Mary V. Hollman was duly appointed Administrator of the Estate of John Cox.

23.     DEFENDANT COUNTY OF SUFFOLK , hereinafter, "COUNTY" is and was a duly constituted municipal corporation of the State of New York, and is and was the employer of the Suffolk County Police Department and the unknown defendant Police Officers, "John Doe" 1 through 9.

24.     DEFENDANT SUFFOLK COUNTY POLICE DEPARTMENT hereinafter, "COUNTY POLICE DEPARTMENT" is, and was, an entity/agency of the COUNTY OF SUFFOLK.

25.     Defendant OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER (hereinafter "MEDICAL EXAMINER") is, and was an entity/agency of the COUNTY OF SUFFOLK. As of the date of filing this complaint and within the near fifteen months since the autopsy on JOHN COX, the Defendant, MEDICAL EXAMINER, has repeatedly refused Plaintiff's

requests to disclose or provide an autopsy report to the attorneys or family of Plaintiff's decedent, JOHN COX, in an apparent effort to conceal said information and impede Plaintiff MARY HOLLMAN from information regarding the death of her brother, JOHN COX.

26.     Defendants CHARLES WETLI, M.D. (hereinafter "WETLI") is, and at all relevant times to this case was the Medical Examiner for Suffolk County and is sued in his individual and official capacity.  JAMES C. WILSON, M.D. (hereinafter "WILSON") is, and at all times relevant to this case was the Deputy Medical Examiner for Suffolk County and is sued in his individual and official capacity.  Each were charged with protecting the integrity of forensic investigations concerning deaths in the county of Suffolk, including but not limited to: overseeing the proper conducting of autopsies, and assuring that unbiased and professional medical evaluations / reports are rendered, based on all evidence presented to the medical examiners performing autopsies under WETLI and/or WILSON.

27.     Defendants WETLI and/or WILSON, acting in their official and individual capacities as Medical Examiner and Deputy Medical Examiner for Suffolk County, respectively, have, to date, repeatedly refused to disclose or provide an autopsy report to the attorneys or family of Plaintiff's decedent, JOHN COX, as has been requested repeatedly by said family and counsel.  Said failure of WETLI and/or WILSON and their office to disclose said COX autopsy report, upon information and belief, is part of a tacit and /or express agreement with the other defendants, to conceal evidence of their wrongdoing.

28.     Defendant LIEUTENANT JACK FITZPATRICK, ("FITZPATRICK"),  together with defendant POLICE OFFICERS "JOHN DOE" 1 through 9, who are known by name to the DEFENDANT but as of yet are not fully known to PLAINTIFF, ( hereinafter collectively referred

9

to as "POLICE OFFICERS" "DEFENDANT OFFICERS" or the "INDIVIDUAL DEFENDANTS"),
were and are police officers employed by DEFENDANTS, COUNTY OF SUFFOLK and
SUFFOLK COUNTY POLICE DEPARTMENT. As such, each of said defendant POLICE
OFFICERS are sued herein in their individual and official capacities.

29.     The defendant, THE VILLAGE OF BELLPORT (hereinafter, the "VILLAGE") is
a duly constituted municipal corporation of the State of New York, and is and was the employer of
the above named police personnel.

30.     The defendant, VILLAGE, was and is a municipal corporation having a place of
business in the Town of Brookhaven, Suffolk County, New York, duly organized, governed and
existing under and by virtue of the laws of the state of New York.

31.     At all times relevant to the within complaint, the defendant, BROOKHAVEN
MEMORIAL HOSPITAL MEDICAL CENTER, (herein "BROOKHAVEN HOSPITAL"), was and
is a 321-bed acute-care, not-for-profit community hospital located in East Patchogue, New York,
serving approximately twenty-eight communities in Suffolk County. As such, BROOKHAVEN
HOSPITAL has a legal duty, to provide adequate and appropriate medical care, assessment and
treatment, to those injured and/or ill persons who either seek treatment, or are placed within the care
of BROOKHAVEN HOSPITAL.

32.     Upon information and belief, defendant BELLPORT AMBULANCE RESCUE
UNIT (hereinafter "AMBULANCE") was and is an agency of the defendant VILLAGE, and at all
times its agents were employed by and/or acting on behalf of the VILLAGE, and/or acting under the
direction of the defendants VILLAGE and POLICE DEPARTMENT.

33.     Upon information and belief, during all times the defendants JOHN DOE Emergency

10

Medical Technicians (herein ("John Doe EMT's"), were and still are members of the defendant BELLPORT AMBULANCE UNIT, known to the defendants COUNTY OF SUFFOLK and POLICE DEPARTMENT, and at all times were acting in their official capacity and were employed by and/or acting on behalf of the VILLAGE, and/or acting under the direction of the defendants VILLAGE and POLICE.

34.     During all times mentioned in this complaint, each of the above defendants were acting under color of law, to wit, under power and authority granted to them by way of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Suffolk.

35.     During all times mentioned in this complaint, the defendants and each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiffs, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

36.     Each of the defendants at all times relevant to this action had the power and the duty to restrain the other defendants and prevent them from violating the law and the rights of the plaintiffs; but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants, and thereby became a party to the injuries inflicted upon the plaintiffs, and acted in concert with the others to harm plaintiffs.

11

## STATEMENT OF FACTS

### JOHN COX:

37.     Plaintiff's decedent, JOHN COX, was a thirty-nine year old African-American male with a mental disability.  Specifically, in or around 1986, JOHN COX had been diagnosed with schizophrenia and acute bipolar mania.  In the years following and as of April of 2005, JOHN COX had voluntarily sought and obtained medical treatment for said conditions, and  had been taking prescribed medication (Zyprexa) in the year prior to his death, to address his mental illness.

38.     Notwithstanding JOHN COX's challenge of mental illness that he faced from his mid-twenties until his death in April of 2005, upon information and belief JOHN COX did not have a history of being a fighter,  nor any history of being armed with weapons, and had no history of violent crime.

39.     Rather, prior to his death, JOHN COX was regularly gainfully employed as a landscaper in his uncle's business, and had been known around his neighborhood as someone who took care of his elderly neighbors, mowing their lawns, visiting them, and painting one neighbor's house for her when she fell ill with diabetes.

40.     Upon information and belief, in the twenty years leading up to his death, the defendants SUFFOLK COUNTY POLICE DEPARTMENT and their officers became familiar with JOHN COX, *and, upon further information and belief on the date of his death, were familiar with the fact that John Cox struggled with mental illness.*

41.     Upon information and belief, on occasions where the Suffolk County Police were summoned to address JOHN COX's episodes of bouts with his mental illness  prior to April 22, 2005, the officers would often calm JOHN COX down, and send him home, *without resorting to*

*violence.* Upon information and belief, defendant POLICE DEPARTMENT had no information of JOHN COX being armed or threatening the police with any sort of weapons, in their prior dealings with JOHN COX.

**The Defendant Police Officers' Excessive and Deadly Force Used
To Kick, Beat and Electrically Shock JOHN COX To Death:**

42.     On April 22, 2005 at approximately 5:00pm., plaintiffs' decedent, JOHN COX, was lawfully visiting his girlfriend at her house, located at 601 Taylor Avenue, in Bellport, Suffolk County. Several other persons were in the house at said time, and JOHN COX had intended to watch a movie with his girlfriend and the other residents.

43.     Some time prior to 8:00 pm, JOHN COX became agitated. Upon information and belief, in an attempt to calm JOHN COX down without hurting him, members at the house called the defendant SUFFOLK COUNTY POLICE DEPARTMENT, and requested that police be sent to the residence.

44.     At approximately 8:00 pm or shortly thereafter, nine (9) currently unidentified Suffolk County Police Officers (defendant POLICE OFFICERS JOHN DOE 1 through 9; "POLICE OFFICERS") arrived at the residence. The defendant POLICE OFFICERS ordered everyone except John Cox out of the house.

45.     Mr. Cox was bare-chested at the time that the police arrived, had no weapons on his person at any time prior to or at the police being summoned, and remained in an agitated emotional state.

46.     After ordering the other residents out of the house, Defendant POLICE OFFICERS closed the blinds and began to violently assault JOHN COX. At some point prior to being ordered out of the house, JOHN COX's then-girlfriend heard one of the defendant POLICE OFFICERS

13

comment that it was "JOHNNY COX again," while another officer was heard to have said "we've finally got him."

47.     According to several witnesses who were outside of the house on the night of April 22, 2005,  the defendant POLICE OFFICERS were heard to commit acts which sounded like the beating of JOHN COX just  moments after they arrived.

48.     Upon information and belief , defendant POLICE OFFICERS used such cruel and excessive force as stomping on JOHN COX's head and other parts of his body, kicking him in the groin and body, and beating him, while further shocking JOHN COX with a Taser Gun multiple times, while he was on the ground.

49.     In addition to firing at least two electric shocks at JOHN COX, upon information and belief the nine defendant POLICE OFFICERS used a Taser Gun or guns to shock decedent JOHN COX at close range and /or with direct contact to his body, to the extent that they caused third-degree burns on the body of JOHN COX.

50.     JOHN COX was heard screaming during the aforesaid beating and taser-gun shockings, thus indicating that he was conscious and, upon information and belief, suffered severe and excruciating physical pain and suffering in the times before and at the time his death.  Said pain and suffering was intentionally inflicted by the defendant OFFICERS, in the above referenced physical beating and electrical shocking of JOHN COX.

51.     The nine defendant POLICE OFFICERS continued the above use of excessive and violent force against JOHN COX for extended period of time.

**The Restraint and Transport Of JOHN COX to Brookhaven Memorial Hospital, And The Lack of Proper Medical Attention:**

52.     Upon information and belief and upon witness confirmation, JOHN COX was alive

14

when he was taken out of the house by defendant BELLPORT RESCUE UNIT, and by defendant "JOHN DOE EMT's," whose names are known by the defendants but as of yet are not known by Plaintiffs.

53.   Despite the grave and life-threatening injuries sustained by JOHN COX at the time the ambulance rescue unit arrived, the defendant JOHN DOE EMT's and POLICE OFFICERS carried JOHN COX out of the Lamport Avenue premises on a stretcher, lying  face down on his stomach, with his hands hand-cuffed behind his back.

54.   Upon information and belief, when defendant BELLPORT RESCUE UNIT, and JOHN DOE EMT workers arrived at defendant BROOKHAVEN HOSPITAL with JOHN COX, he was still in the same position of being face down on the stretcher, and was, upon information and belief, brought into the hospital *with his hands still cuffed behind his back.*

55.   Despite suffering serious life threatening injuries, JOHN COX defendants BELLPORT RESCUE UNIT,    JOHN DOE EMT workers, POLICE OFFICERS and BROOKHAVEN HOSPITAL failed to administer the proper level of medical attention, emergency treatment, and / or attempts to save JOHN COX's life.

56.   Specifically, the gravely injured JOHN COX was in need of treatment at the time of his arrest through and including the time he was placed in a room, in or near the emergency treatment room at BROOKHAVEN HOSPITAL. Upon strong information and belief, no attempts to revive Mr. Cox were apparently made by any of the Defendants, no less the  medical staff personnel. Upon further information and belief, the defendant JOHN DOE EMT's, of the defendant BELLPORT AMBULANCE UNIT,  failed to provide proper attempts to defribulate JOHN COX to reinitiate his heart beat, or treat him, as he was transported face down and handcuffed.

57.     Defendant POLICE OFFICERS involved in the interaction were in the same room with JOHN COX.  Upon information and belief, the defendant POLICE OFFICERS convened to iron out any inconsistencies in their stories and form a unified version of what occurred, as to the facts surrounding the interaction.

58.     Upon information and belief, at defendant BROOKHAVEN HOSPITAL, John Cox was lying on a stretcher for a long period of time before being attended to by a doctor. Subsequently, a doctor entered the room and requested the officers remove Mr. Cox's handcuffs. Upon information and belief, defendant POLICE OFFICERS refused to remove the handcuffs from JOHN COX, contending that he was violent. With regard to the response that POLICE would not remove the handcuffs, it is believed that the doctor answered, "Why not, he's dead."

**The Stonewalling, Failure to Investigate, and Refusal To Provide Information To Decedent's Family or Attorneys, By Defendants SUFFOLK COUNTY, POLICE DEPARTMENT, LT. FITZPATRICK and Defendant MEDICAL EXAMINER's OFFICE and DR. WETLI and/or WILSON:**

59.     Less than two days after the death of JOHN COX, defendant Commander Detective Lt. JACK FITZPATRICK of the defendant POLICE DEPARTMENT stated that "the [defendant] officers used *commendable* restraint," because "this [JOHN COX] was someone who was [allegedly] clearly not complying with what they were telling him to do." FITZPATRICK was quoted as such in a Newsday Article dated April 24, 2005, with reference to the night-time incident of April 22, 2005 [Emphasis added].

60.     The publicly stated conclusion of "no-wrong doing" and "commendable" actions by the defendant POLICE OFFICERS, as set forth by a high-ranking POLICE DEPARTMENT official (FITZPATRICK) less than two days after the taser-gun / beating induced death of JOHN COX, is one example that the defendants SUFFOLK COUNTY, POLICE DEPARTMENT and

16

FITZPATRICK have an automatic, knee-jerk response as part of a custom, policy and practice, whereby said defendants immediately side with police officers in cases of police brutality and abuse against the mentally ill / disabled, without conducting a thorough or adequate investigation into the facts or evidence.

61.     In fact, as of the filing of this complaint, the DA homicide unit continues to investigate the actions of the JOHN DOE police officers – officers who, within two days, were lauded by defendant FITZPATRICK for their purportedly "commendable" actions.

62.     On numerous and frequent occasions throughout the months of April, 2005, May 2005, July, 2005, August, 2005, and continuing into February, 2006 and March of 2006, the Plaintiff decedent's attorneys, The Law Offices of Frederick K. Brewington, have written numerous letters, demands for preservation of documents, and written FOIL requests (requests for information under the New York State Freedom of Information Law), and have addressed said inquiries to the defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, and THE OFFICE OF THE MEDICAL EXAMINER, and to the Suffolk County District Attorney's Office. However, each of the aforesaid defendants have ignored and/or refused to comply with Plaintiff's requests.

63.     From May of 2005 through the present, the entity defendants have conspired with one another to conceal evidence and information about the POLICE OFFICER's wrongdoing, by each refusing to release information based allegedly on an investigation from the other entity defendants. Specifically, from May, 2005 through the present, defendants MEDICAL EXAMINER'S OFFICE, POLICE DEPARTMENT and COUNTY refused (and still refuse) to release information, citing to an alleged "pending investigation" by the COUNTY's district

attorney's office. Meanwhile, the COUNTY's district attorney's office refused (and until recently refused) to meet with and release information to the Plaintiffs, citing to a pending investigation into JOHN COX's death by the MEDICAL EXAMINER'S OFFICE, while the POLICE DEPARTMENT refused to produce information and / or records as requested, citing to a pending investigation by their office.

64.     Despite more than one year and nearly three months passing  since the wrongful death of plaintiff's decedent JOHN COX, there has been no finding released by the MEDICAL EXAMINER's OFFICE, and such requested information remains unaccounted for. Moreover, upon information and belief, the defendants COUNTY and POLICE DEPARTMENT have failed to conduct or complete any allegedly "pending investigation," and the defendant POLICE OFFICERS were, upon information and belief, not indicted, not reprimanded and not penalized for their unlawful and deadly use of excessive force against JOHN COX, in violation of his rights to due process, equal protection of the law, freedom from cruel and unusual punishment, and freedom from unlawful seizure.

65.     In the near fifteen months since JOHN COX's death, the defendant MEDICAL EXAMINER'S office and defendant DR. WETLI and/or WILSON have failed to issue any finding that the death of JOHN COX was caused by and/or related to taser-gun induced injuries and blunt physical trauma, consistent with brutality, kicking and stomping upon the decedent JOHN COX"s body.

66.     As of the filing of this complaint, despite the numerous requests of the Plaintiff, defendants have not provided MARY HOLLMAN or her attorneys with any investigation information, an autopsy report, a cause of death, any test results, or the names of the officers who

killed Plaintiff's decedent.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - Fourteenth Amendment Violations

67.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 66 of this complaint with the same force and effect as though fully set forth herein.

68.     The defendant POLICE OFFICERS, POLICE DEPARTMENT, VILLAGE and COUNTY acting under color of law and powers proscribed to them by the United States Constitution, federal and state laws, violated the Fourteenth Amendment and 42 U.S.C. Section 1983, by subjecting the Plaintiff's decedent, JOHN COX, to unequal treatment under the law, by way of their false arrest, excessively harsh brutality, unduly forceful attempts at restraint, and excessive use of brutal and lethal force, when compared to the type and degree of restraint and /or force applied to non-disabled persons with whom they come into contact, who do not suffer from mental illness.

69.     Defendants POLICE OFFICERS, POLICE DEPARTMENT, VILLAGE , COUNTY, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON failed to provide due process of law and/or equal protection of the plaintiff's decedent's rights, when compared to those rights of a non-disabled person, in that said defendants failed to provide JOHN COX and his family with the same level of investigation, discipline and/ or action taken to redress the wrongs visited upon JOHN COX, as such  defendants would exercise and provide after the death of killing of a non-disabled person who did not suffer from mental illness.

70.     Defendants POLICE OFFICERS, POLICE DEPARTMENT, and COUNTY were further disparate in their treatment of the mentally ill /mentally disabled, and were reckless, negligent and / or deliberately indifferent in their training, hiring and supervision of their police

officers, including defendant Officers, with respect to the use of force against mentally ill and other

minority persons, the inquiry of mentally disturbed and/or minority persons, the bringing of charges

against mentally disturbed and/or minority persons and the recognition and preservation of the civil

and constitutional rights of mentally disturbed and/or minority persons.

71.     Defendants POLICE DEPARTMENT and COUNTY promoted and enabled

procedures permitting the type of actions taken by defendant POLICE OFFICERS, which resulted

in the violation of JOHN COX's constitutional and civil rights, and which further physically harmed

him.  Defendants VILLAGE, COUNTY and POLICE DEPARTMENT failed to promulgate

procedures and/or monitor and enforce compliance with established policies and procedures for the

handling of mentally ill or emotionally disturbed persons, which resulted in the violation of JOHN

COX's constitutional and civil rights, as well as physical harm to him.

72.     As a result of the actions and failures of defendants VILLAGE, COUNTY and

POLICE DEPARTMENT, the defendant POLICE OFFICERS did not employ appropriate

procedures to physically safeguard JOHN COX, a mentally aided person, especially with respect

to their preparation for and initial contact with him, attempts to falsely arrest him, contain him,

attempts to take him into custody, failure to use protective devices, failure to employ non-lethal

control devices, failure to call for back-up, special units and /or supervisors who were experienced

with addressing the mentally aided, use of excessive force, use of deadly force, and failure to employ

the assistance of family and friends on premises, to obtain JOHN COX's cooperation and to

minimize the escalation of inappropriate physical force used against him.

73.     Defendants COUNTY and POLICE DEPARTMENT had a duty to investigate and

discipline its police officers for misconduct, including any of the defendant POLICE OFFICERS,

with respect to their use of force against mentally ill and minority persons, their inquiries of minority persons, the bringing of charges against mentally ill and minority persons and the recognition and preservation of the civil and constitutional rights of minority persons.

74.     The aforesaid defendants provided such a lack of equal protection to the mentally ill deceased JOHN COX, based upon their disdain and /or disregard for the rights of the mentally ill, and based upon a wanton prejudice towards such persons.  Said acts violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and further violate 42 U.S.C. Section 1983.

75.     As a direct result of the above acts and omissions, the defendants VILLAGE, POLICE OFFICERS, POLICE DEPARTMENT, COUNTY, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON caused direct physical and emotional injuries to JOHN COX, and have caused him and his family to suffer,  including pain and suffering, physical trauma, emotional trauma and death.

76.     As a direct result of the above acts and omissions, the defendants VILLAGE, POLICE OFFICERS, POLICE DEPARTMENT, COUNTY, "John Doe EMT's and BELLPORT AMBULANCE UNIT,  further caused intense physical and emotional suffering to JOHN COX, prior to the defendants' killing of JOHN COX on April 22, 2005.  Said acts further caused intense emotional distress, loss of consortium, comfort and companionship, loss of benefits and services of a pecuniary nature, and other such pain and suffering for SAMUEL COX and MARY HOLLMAN, for the wrongful death of SAMUEL COX's son, and MARY HOLLMAN's brother, and caused such unbearable grief, sadness, depression, and anger, with resultant effects on SAMUEL COX's physical health and well-being.

21

77.     In part as a direct result of the intense emotional stress, pain and suffering of having his son brutally murdered by the defendant POLICE OFFICERS, SAMUEL COX died in July of 2005, within three months of the death of his son.

78.     All of the above referenced defendants took the above actions under color of law, acting in both their individual and official capacities, in using excessive and deadly force by nine police officers, to restrain the unarmed, emotionally fragile decedent, JOHN COX.

79.     The vicious beating and killing of plaintiff JOHN COX and other wrongful acts conducted against the plaintiffs' decedent based by defendants, based on JOHN COX's mental illness, including but not limited to acts taken by Defendant Officers and the entity defendants, constituted a violation of plaintiffs' decedent's rights, secured by the Fourteenth Amendment to the United States Constitution, to be guaranteed the same procedural and substantive protections and safeguards, and the same standard of reaction by police officers as that given in a comparable situation, involving the restraint of a non-mentally disabled person by defendant POLICE OFFICERS.

80.     As a consequence of Defendants' wrongful actions, negligent behavior, and violation of state and federal laws, plaintiffs' decedent was deprived of his freedom and life, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Officers until he was caused to surrender to his wounds and die.

81.     That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX,

22

has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 - Excessive Use of Force

82.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 81 of this complaint with the same force and effect as though fully set forth herein.

83.     The accusations of wrongful actions against plaintiffs' decedent were false and were an attempt to cover up the brutal beating, kicking, stomping and *TASER GUN* shooting which had been inflicted on plaintiffs' decedent by DEFENDANT OFFICERS.

84.     The vicious beating, electrocution, and other wrongful acts and level of physical force conducted against the plaintiffs' decedent, JOHN COX by defendants, including, but not limited to Defendant Officers, constituted unreasonable, unnecessary and excessive use of force by a police officer, far beyond any potential alleged threat perceived by JOHN COX.  Defendant POLICE OFFICERS failed to utilize a less deadly, more appropriate level of force such as restraining JOHN COX until he could be medicated. As such, defendants were negligent, reckless, unreasonable and unauthorized, as defendants had a duty to not subject plaintiffs' decedent to vicious and fatal police actions, but failed to prevent same and breached their duty.  Said acts violate the Fourteenth and Fourth Amendment, and 42 U.S.C. Section 1983.

85.     Defendants POLICE OFFICERS, POLICE DEPARTMENT, and COUNTY further used unnecessary, excessive and deadly force against JOHN COX without lawful justification, by failing to utilize such safer and more appropriate use of force against the mentally ill, African-

23

American JOHN COX, failed to use or promulgate procedures and/or monitor and enforce compliance with established policies and procedures, for the handling of mentally ill or emotionally disturbed persons, which resulted in the excessive force / violation of JOHN COX's constitutional and civil rights, as well as physical harm to him.

86. As a result of the actions and failures of defendants VILLAGE, COUNTY and POLICE DEPARTMENT, the defendant POLICE OFFICERS did not employ appropriate measures of force to contain and physically safeguard JOHN COX, a mentally aided person, especially with respect to their preparation for and initial contact with him, attempts to contain him, attempts to take him into custody, failure to use protective devices, failure to employ non-lethal control devices, failure to call for back-up, special units and /or supervisors who were experienced with addressing the mentally aided, and resultant use of unreasonable force for the situation of restraining the unarmed JOHN COX, use of deadly force, and failure to employ the assistance of family and friends on premises, to obtain JOHN COX's cooperation and to minimize the escalation of inappropriate, excess and deadly physical force used against him.

87. As a consequence of the defendants' use of deadly force and defendants' wrongful actions, negligent behavior and violation of state and federal laws, plaintiffs' decedent was deprived of his freedom and life for ever, was seriously physically injured, and was subjected to great fear and terror and personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Officers and the other defendants.

88. As a consequence of the defendants' use of deadly force and defendants' wrongful actions, negligent behavior and violation of state and federal laws, plaintiffs' decedent JOHN COX's

father, SAMUEL A. COX, was subjected to great emotional trauma, grief, loss of consortium and companionship of his son, pain and suffering, emotional distress and resultant health complications, which in part contributed to and hastened his death in July of 2005 – less than three months after the death of JOHN COX.

89.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - Municipal Violations

90. The plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 89 of this complaint with the same force and effect as though fully set forth herein.

91.    Prior to April 22, 2005 and in the time since said date, the defendants COUNTY and /or POLICE DEPARTMENT and COMMANDER LIEUTENANT FITZPATRICK have permitted, tolerated and condoned a pattern and practice of unjustified, unreasonable and illegal uses of force, beatings and uses of weapons against civilians by police officers of the SUFFOLK COUNTY POLICE DEPARTMENT and other local Police Departments within the jurisdiction of the Suffolk County Police Department.  Although such beatings, illegal uses of force and use of weapons (including TASER GUNS) were improper, the officers involved were not seriously prosecuted, disciplined or subjected to restraint, and such incidents were in fact covered up with false, premature, official claims that the beatings, uses of force and uses of weapons were justified and

proper.

92.     As a result of the above pattern of acts and omissions, the defendants POLICE

OFFICERS, SUFFOLK COUNTY POLICE DEPARTMENT and other police officers within their

jurisdiction were caused and encouraged to believe that (a) civilian persons could be beaten or

abused or killed, under circumstances not requiring the use of excessive force, and (b) that such

beatings and / or use of excessive force and /or deadly force would in fact be permitted by the

defendant COUNTY and its branches, and would be overlooked by the defendant MEDICAL

EXAMINER'S OFFICE on a regular basis.

93.     In addition to permitting a pattern and practice of improper beatings and abuses of

civilian persons, defendants COUNTY and POLICE DEPARTMENT have failed to maintain a

proper system for investigation of all incidents of unjustified beatings, shootings and excessive use

of force by police officers.

94.     The COUNTY and POLICE DEPARTMENT have failed to respond to the continuing

and urgent need to prevent, restrain and discipline police officers who wrongfully beat, use

excessive force and abuse civilian persons.

95.     The COUNTY and POLICE DEPARTMENT have maintained a system of review

of unjustified beatings, shootings and excessive use of force by police offices that has failed to

identify the improper brutality by police officers and failed to subject officers who shot, beat and/or

brutalized citizens to discipline, closer supervision or restraint, to the extent that it has become the

custom of the COUNTY to tolerate the improper beatings, illegal arrests and other wrongful actions

by police officers.

96. Upon information and belief, specific systemic flaws in the COUNTY brutality review

process include, but are not limited to, the following:

a.  Preparing reports regarding investigations of beatings and shooting incidents as routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

b.  Police Officers investigating beating and shootings  systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.  Police officers investigating beatings/shootings fail to include in their reports relevant factual  information which would tend to contradict the statements of the police officers involved;

d.  Supervisory police officers at times issue immediate public statements, exonerating police officers for excessive use of force and improper beatings and use of unnecessary and excessive force, before the investigation of the incident by the police department has been completed;

e.  Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are  frequently permitted to be drawn on the basis of clearly incorrect or contradictory information, without proper review of medical, forensic and witness information.

f.  The defendant Medical Examiner's Office of The County Of Suffolk frequently issues inaccurate findings, which fail to reflect when excessive force and burn injuries are the cause of death, despite medical and forensic evidence to suggest such a conclusion; defendant Medical Examiner's Office Further encourages brutality by County's Police Officers, by refusing to release information in a timely fashion.

97.     The foregoing acts, omissions, systemic flaws, policies and customs of the defendants

COUNTY and POLICE DEPARTMENT caused the defendant POLICE OFFICERS JOHN DOE

1 through 9 to believe that brutality and other improper actions would not be aggressively, honestly

and properly investigated, with the foreseeable result that officers are most likely to use excessive

force in situations where such force is neither necessary nor reasonable.

98.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws,

policies, practices and customs of the defendants COUNTY, POLICE DEPARTMENT and LT.

COMMANDER FITZPATRICK, Defendant POLICE OFFICERS unjustifiably electrically shocked, kicked, stomped, attacked, beat, brutalized, and killed plaintiffs' decedent JOHN COX, all in violation of his civil and constitutional rights and he has suffered with the loss of his life as well from physical injury, psychological harm, mental distress, humiliation, embarrassment, fear, and being prevented from attending his usual duties and his life as a son, brother and citizen, all to his damage and to the pain and damage of those that survive him.

99.     Defendants COUNTY, POLICE DEPARTMENT and LT. COMMANDER FITZPATRCK were reckless, negligent or deliberately indifferent in their training, hiring and supervision of their police officers, including Defendant Officers, with respect to the use of force against mentally ill and other minority persons, the inquiry of minority persons, the bringing of charges against minority persons and the recognition and preservation of the civil and constitutional rights of minority persons.

100.     Defendants COUNTY, POLICE DEPARTMENT and LT. COMMANDER FITZPATRICK promoted and enabled procedures permitting the type of actions taken by defendant POLICE OFFICERS, which resulted in the violation of JOHN COX's constitutional and civil rights and physically harmed him. Defendants COUNTY, POLICE DEPARTMENT and LT. COMMANDER FITZPATRICK failed to promulgate procedures and/or monitor and enforce compliance with established policies and procedures for the handling of mentally ill or emotionally disturbed persons, which resulted in the violation of JOHN COX's constitutional and civil rights, as well as physical harm to him.

101.     As a result of the actions and failures of defendants COUNTY, POLICE DEPARTMENT, and FITZPATRICK the defendant POLICE OFFICERS did not employ

appropriate procedures to physically safeguard JOHN COX, especially with respect to their preparation for and initial contact with him, attempts to contain him, attempts to take him into custody, failure to use protective devices, failure to employ non-lethal control devices, use of excessive force, use of deadly force, and failure to employ the assistance of family and friends on premises to obtain JOHN COX's cooperation and to minimize the escalation of inappropriate physical force used against him.

102.    Defendants VILLAGE and POLICE DEPARTMENT had a duty to investigate and discipline its police officers for misconduct, including any of the defendant POLICE OFFICERS, with respect to their use of force against mentally ill and minority persons, their inquiries of minority persons, the bringing of charges against mentally ill and minority persons and the recognition and preservation of the civil and constitutional rights of minority persons.  Defendants acts and omissions accordingly constituted a municipal policy of unequal protection and denial of due process, in violation of 42 U.S.C. Section 1983.

103.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR A FOURTH COUNT
## AGAINST DEFENDANTS BELLPORT RESCUE UNIT,
## JOHN DOE EMT'S, MEDICAL EXAMINER,
## DR. WETLI and/or WILSON AND BROOKHAVEN HOSPITAL:
### 42 U.S.C. § 1983 - 14th Amendment and Other Laws

104.   The plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 103 of this complaint with the same force and effect as though fully set forth herein.

105.   The defendants, BELLPORT RESCUE UNIT, JOHN DOE EMT'S, MEDICAL EXAMINER, DR. WETLI and/or WILSON AND BROOKHAVEN HOSPITAL, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived plaintiffs' decedent JOHN COX of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the due process and equal protection under the 14th Amendment and other laws, in violation of 42 U.S.C. § 1983.

106.   As a direct and proximate result of said acts, plaintiffs' decedent has suffered and continues to suffer loss of life, loss of employment, loss of income, loss of his family, and was forced to suffer distress, humiliation, great pain and suffering.

107.   In derogation of their duty, and with deliberate indifference, malice and recklessness, defendant POLICE OFFICERS failed to heed the advices of the persons who had summoned them to the premises and who greeted and provided them access to the decedent at the premises, with respect to the mental state of the decedent who was, at that time, suffering from the delusional and paranoid symptoms of his disease.

108.   In derogation of their duty, defendant POLICE OFFICERS failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of persons suspected to be or who are actually mentally ill or emotionally disturbed or,

alternately, defendants COUNTY and POLICE DEPARTMENT failed to develop and implement adequate policies to establish appropriate handling by its police officers of aided persons who are mentally ill or emotionally disturbed.

109.    Upon information and belief, the COUNTY and/or the AMBULANCE owned, operated, maintained and controlled a emergency services unit which is held out to the public as having qualified personnel and equipment to respond to medical emergencies.

110.    Upon information and belief, a request was made on April 22, 2005 to the COUNTY and/or the BELLPORT AMBULANCE emergency services unit to provide emergency medical assistance and transportation to a hospital for JOHN COX.

111.    Upon information and belief, a vehicles carrying employees of the COUNTY and/or the AMBULANCE emergency services unit arrived at the scene to provide emergency assistance and care to JOHN COX.

112.    Upon information and belief, defendant JOHN DOE EMT's, emergency medical technicians and/or paramedics with defendant BELLPORT AMBULANCE UNIT, – unknown to Plaintiff at this time but known to the defendants – arrived at the premises of 601 Taylor Avenue in Bellport, performing duties on behalf of and with the permission of AMBULANCE UNIT.

113.    Upon information and belief,  JOHN DOE EMT's  failed to properly render emergency care and treatment to JOHN COX while he was restrained with his hand cuffed and/or bound behind him, and failed to have said restraints removed or repositioned, for purposes of providing proper medical attention.

114.    Upon information and belief, at this time, although it was available or should have been available, JOHN COX was not given any treatment by means of defribrulation by defendant

JOHN DOE EMT's of the defendant AMBULANCE UNIT, in an attempt to regain a steady heartbeat.

115.    Upon information and belief, JOHN COX was placed into an ambulance and transported to defendant BROOKHAVEN HOSPITAL with his hands in restraints behind his back, thus unreasonably permitting an obstacle to, and deprivation of, proper and adequate medical treatment for his grave injuries.

116.    Upon    information    and    belief,    the    defendants BELLPORT RESCUE UNIT/AMBULANCE UNIT, JOHN DOE EMT'S, their agents, employees and/or servants violated the rights of JOHN COX as secured to him under the Fourteenth Amendment and 42 U.S.C. §1983, as said defendants were careless, negligent and reckless in the care and treatment of JOHN COX in failing to have properly trained personnel respond to the aforementioned emergency; in failing to properly respond to the emergency situation existing at that time and place; in failing to administer adequate resuscitative efforts to JOHN COX; in administering resuscitative efforts in a negligent and careless manner; in failing to attempt to use a defribrulator on JOHN COX in a timely manner; in inadequately performing cardiopulmonary resuscitation on JOHN COX; in failing to immediately transport JOHN COX to a hospital in a timely manner and in failing to remove JOHN COX from the ambulance in a timely manner.

117.    Upon information and belief, the defendant BROOKHAVEN HOSPITAL, their agents, employees and/or servants violated the rights of JOHN COX to equal protection under the law, as secured to him under the Fourteenth Amendment and 42 U.S.C. §1983, as said defendants were careless, negligent and reckless in the care and treatment of JOHN COX in failing to have properly trained personnel attend to him in the emergency room and/or at the hospital; in failing to

32

administer adequate resuscitative efforts to JOHN COX; in administering resuscitative efforts in a negligent and careless manner; in failing to attempt to use a defribrulator on JOHN COX in a timely manner; in inadequately performing cardiopulmonary resuscitation on JOHN COX; in failing to treat JOHN COX and instead neglecting him upon his being brought into said defendant hospital.

118.   Defendants VILLAGE, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, FITZPATRICK, OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER, and WETLI and/or WILSON have engaged in and have attempted to coverup the wrongful actions, abuses, use of improper and excessive force and deployment of weapons, and have further engaged in and attempted to cover-up the defendants' inadequate rescue efforts / failure to provide proper medical attention, by ( i ) issuing false information and false statements to the public about the death of JOHN COX and then, (ii) upon information and belief, manipulating information relating to the death of JOHN COX, (iii) not issuing information to decedent's family or attorneys (as repeatedly requested), (iv) not conducting a prompt and complete investigation into the police or the EMT's handling of this matter, (v) condoning the wrongful, abusive, excessive and violative acts of the other defendants, by failing to issue reports that reflect the true facts of mistreatment, excessive force, inadequate medical treatment, and other such violations of JOHN COX's statutory and constitutional rights.  Said actions were done with the intent to further violate the rights of Plaintiff and Plaintiff's decedent and were intended to shield and avoid placing responsibility for the death of JOHN COX on the COUNTY, POLICE DEPARTMENT and the Defendant Officers.

119.   That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of

defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR A FIFTH COUNT:
### 42 U.S.C. § 1983 Alternate Liability
### Respondeat Superior

120.    The plaintiffs repeat, reiterate and reallege each and every allegation contained in ¶¶ 1 through 119 of this complaint with the same force and effect as though fully set forth herein.

121.    Plaintiff acknowledges that *respondeat superior* is not now a basis for COUNTY, POLICE DEPARTMENT, VILLAGE, DR. WETLI and/or WILSON, OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER, BELLPORT RESCUE UNIT / AMBULANCE UNIT and JOHN DOE EMT'S liability under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in Board of County Commissioners of Bryan County, Oklahoma v. Jill Brown et al., [520 U.S. 397, 117 S.Ct. 1382 (1997)], and based upon the literature addressing this issue. The defendants, POLICE OFFICERS, acting under color of state law, both collectively and individually, have engaged in actions and abuses as set forth in the above paragraphs, which have deprived plaintiffs' decedent JOHN COX of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the due process and equal protection under the 14th Amendment and other laws, in violation of 42 U.S.C. § 1983.

122.    Upon information and belief, the defendants BELLPORT RESCUE UNIT / AMBULANCE UNIT and JOHN DOE EMT'S, their agents, employees and/or servants violated the rights of JOHN COX as secured to him under the Fourteenth Amendment and 42 U.S.C. §1983, as

34

said defendants were careless, negligent and reckless in the care and treatment of JOHN COX in failing to have properly trained personnel respond to the aforementioned emergency; in failing to properly respond to the emergency situation existing at that time and place; in failing to administer adequate resuscitative efforts to JOHN COX; in administering resuscitative efforts in a negligent and careless manner; in failing to attempt to use a defribrulator on JOHN COX in a timely manner; in inadequately performing cardiopulmonary resuscitation on JOHN COX; in failing to immediately transport JOHN COX to a hospital in a timely manner and in failing to remove JOHN COX from the ambulance in a timely manner.

123. The defendants JOHN DOE POLICE OFFICERS, acting under color of law, were employees and/or authorized agents of the defendants COUNTY, POLICE DEPARTMENT and VILLAGE, and, upon information and belief, committed the aforesaid abuses, misconduct and statutory violations during their hours on-duty, as employed by defendants COUNTY, POLICE DEPARTMENT and VILLAGE. Defendant JOHN DOE POLICE OFFICERS further committed said acts while using the vehicles, weapons [including Taser Gun(s)], tools, authority and directives given to them by the defendants, COUNTY, POLICE DEPARTMENT, and VILLAGE, and were under the direct control of defendants COUNTY, POLICE DEPARTMENT and VILLAGE, in responding to the scene at 601 Taylor Avenue in Bellport.

124. The defendants JOHN DOE EMT's and BELLPORT RESCUE UNIT/AMBULANCE UNIT, acting under color of law, were, upon information and belief, employees and/or authorized agents of the defendants COUNTY and VILLAGE. Upon further information and belief, defendants JOHN DOE EMT's and BELLPORT RESCUE UNIT / AMBULANCE UNIT, committed the aforesaid abuses, misconduct, negligence, reckless acts and

omissions and statutory violations of civil rights – including failure to provide prompt, proper and adequate medical attention to JOHN COX and failure to provide equal treatment to a mentally disabled person, as set forth in the allegations above – during their hours on-duty, as employed by defendants COUNTY, and VILLAGE.

125.    Defendant JOHN DOE EMT's and BELLPORT AMBULANCE UNIT further committed said acts while using the medical equipment, vehicles, authority and directives given to them by the defendants VILLAGE and COUNTY, and were under the control, supervision, and direction of the defendants VILLAGE and COUNTY.

126.    Defendant DR. WETLI and/or WILSON, the Deputy Medical Examiner for Suffolk County, committed the aforesaid abuses, omissions, and statutory and constitutional violations of Plaintiff decedent JOHN COX's rights, as alleged above, while under the direct employment of, and as an authorized agent of, defendant OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER.

127.    The defendants VILLAGE, COUNTY, POLICE DEPARTMENT, and OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER knew and/or should have known of the aforesaid acts, omissions and violations of law committed by their agents and/or employees, and failed to prevent or redress same from occurring.

128.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and

severally liable.

## AS AND FOR A SIXTH COUNT
### 42 U.S.C. § 1981

129.    The Plaintiff's decedent repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 128 of this Complaint with the same force and effect as though fully set forth herein.

130.    Plaintiff's decedent, JOHN COX, was an African-American male and a citizen of the United States.

131.    The defendants, collectively and individually, each in their individual and/or official capacity, by way of their unlawful acts and omissions set forth and alleged in the proceeding paragraphs, violated the right of Plaintiff's decedent, JOHN COX, to be subject to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. Specifically, by way of their brutalization, electric shocking, excessive and deadly police force, denial of proper medical treatment, and other such acts, each and every one of the defendants further denied Plaintiff's decedent, JOHN COX, the right to be subject to like punishment, pains, and penalties as those visited upon white persons.

132.    Each of the defendants knew Plaintiff's decedent's race and color, and each defendant deprived Plaintiff's decedent JOHN COX of such rights to equal treatment, equal opportunities of due process as those afforded to white persons in comparable situations, and equal security in his personhood and welfare.

133.    The defendants deprived Plaintiff's decedent JOHN COX of the aforesaid constitutional rights to equal treatment, based in part upon JOHN COX"s race as an African-

American.

134.    As a consequence of Defendants' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiff's decedent JOHN COX was deprived of his freedom, was fatally injured by the defendants, was subjected to unlawful search and seizure, was subjected to mental anguish, conscious pain and suffering, and suffered great fear, physical pain, personal humiliation, degradation immediately prior to and up to the time of his loss of life.  All of these rights to be free of such unlawful, race-based treatment are secured to Plaintiff by provisions of the due process clause of the Fifth and Fourteenth Amendment; the equal protection clause and the Fourth Amendments to the United States Constitution as well as the protections afforded under 42 U.S.C. §1981.

135.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

### AS AND FOR A SEVENTH COUNT
### 42 U.S.C. § 1985 – Conspiracy

136.    The Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 135 of this Complaint with the same force and effect as though fully set forth herein.

137.    Each and every one of the above captioned defendants, acting under color of law,

individually and collectively, by way of their actions, omissions and conduct as alleged and set forth in the proceeding paragraphs, did conspire to deprive Plaintiff's decedent, JOHN COX, of his Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully assault, electrically shock and brutalize, wrongfully arrest, unlawfully beat, falsely imprison and arrest, deny proper medical care, and kill JOHN COX.

138.    Thereafter, all of said defendants acted in further concert, to withhold information, impeded prosecution of suit, and act in other such ways as to conceal the defendants' unlawful acts and deprivation of constitutional and statutory rights secured to JOHN COX, in the months following the death of Plaintiff's decedent, JOHN COX.

139.    In furtherance of said conspiracy, the defendants VILLAGE, COUNTY, POLICE DEPARTMENT, and LET. COMMANDER FITZPATRICK have failed to investigate, punish or otherwise redress the wrongs committed by the defendant POLICE OFFICERS, have refused to issue an autopsy report or other investigative findings, and further worked in cooperation with one another to "stonewall" the plaintiff decedent's family from receiving information pertaining to the defendants' killing of the decedent, JOHN COX.   Said actions by defendants VILLAGE, COUNTY, POLICE DEPARTMENT, LET. COMMANDER FITZPATRICK, POLICE OFFICERS JOHN DOE 1 THROUGH 9, BELLPORT AMBULANCE UNIT, JOHN DOE EMT'S, MEDICAL EXAMINER'S OFFICE, DR. WETLI and/or WILSON and BROOKHAVEN HOSPITAL, further denied the Plaintiff 's decedent of due Process, and denied him the equal protection under the law, based upon the Plaintiff's race, color and mental disability / status as a mentally aided person.   All of these rights are guaranteed to the Plaintiff under U.S.C. §§ 's 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution.

140.    Each of the Defendants separately and in concert acted outside the scope of their jurisdiction  and without authorization of law, and each of the Defendants separately and in concert acted willfully, knowingly and purposefully with the specific intent to deny Plaintiff's decedent of the aforementioned constitutional rights and privileges under the law.

141.    As a result of said conspiracy by the defendants, the Plaintiff's decedent, JOHN COX, has been subjected to unnecessary pain and suffering, injury, and death, without lawful justification.

142.    Plaintiff's decedent further suffered severe injuries immediately prior to being killed by the defendant POLICE OFFICERS, including conscious pain and suffering, humiliation, anxiety, fear, and emotional and psychological harm, as a direct result of being shocked, kicked, punched, stomped, beaten, brutalized, handcuffed, and subsequently denied proper medical treatment.

143.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

### AS AND FOR AN EIGHTH COUNT
### 42 U.S.C. § 1986

144.    The Plaintiffs repeat, reiterate and re-allege each and every allegation contained in

paragraphs 1 through 143 of this Complaint with the same force and effect as though fully set forth herein.

145.    Each of the defendants knew or should have known that the assault, battery, false arrest, wrongful seizure, excessive force, beating, brutalizing and killing of plaintiff's decedent, JOHN COX, without lawful justification, and denial of proper medical treatment based in part on race and in part due to animus towards Plaintiff decedent's status as a person with a mental disability, violated his civil rights to due process and equal protection under the law as guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

146.    Each of the aforesaid defendants had the authority, ability and concurrent duty under 42 U.S.C. §1986 to prevent the April 22, 2005 assault, battery, false arrest, wrongful seizure, excessive force, beating, brutalizing and killing of plaintiff's decedent, and to further prevent the ongoing cover-up of said events, which continues and is ongoing as of the date of this complaint. Yet, the defendants, each acting individually and collectively, neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff's decedent, when such violations did in fact occur.

147.    The defendants' failure to stop the aforesaid wrongful actions, as set forth in the proceeding paragraphs, constitutes a breach of their duty to do so under U.S.C. §1986.

148.    As a result of the failure of the above stated Defendants to prevent the known violations stated above, the Plaintiff's decedent suffered extreme fear, personal humiliation and degradation, emotional and psychological harm, physical injury and conscious pain and suffering prior to his death from the acts of the defendants.

149.   That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR A NINTH COUNT:
### Negligence

150.   Plaintiffs repeat, reiterate, and reallege the allegations set forth in ¶¶ 1 through 149 inclusive, of this complaint, with the same force and effect as though herein fully set forth.

151.   In the acts complained of herein, and in attempting to contain and calm the unarmed John Cox, the nine defendant POLICE OFFICERS acted negligently, in that they had a duty to act reasonably and responsibly and not to act in a manner which would cause the death of JOHN COX. Defendant Officers breached said duty to act with reasonable care, prudence, and caution, when they unnecessarily shocked, beat, and otherwise abused plaintiffs' decedent for approximately one hour, in such a way that  summarily caused his death.

152.   Defendant Officers further had a duty to act as would prudent police officers, by not taking actions which would endanger the life of JOHN COX and other persons similarly situated, had a duty to act within the scope of their authority, and to use reasonable precaution and not to using excessive force or otherwise violating the Constitutional and civil rights of plaintiffs' decedent. Defendant Officers, in their actions, breached those duties.

153.   In derogation of their duty, and with deliberate indifference, malice and recklessness, defendant POLICE OFFICERS failed to heed the advices of the persons who had summoned them

to the premises and who greeted and provided them access to the decedent at the premises, with respect to the mental state of the decedent who was, at that time, suffering from the delusional and paranoid symptoms of his disease / disability.

154.    In further derogation of their duty, defendant POLICE OFFICERS failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of persons suspected to be or who are actually mentally ill or emotionally disturbed or, alternately, defendants COUNTY and POLICE DEPARTMENT failed to develop and implement adequate policies to establish appropriate handling by its police officers of aided persons who are mentally ill or emotionally disturbed.

155.    Upon information and belief, the COUNTY and/or the AMBULANCE  owned, operated, maintained and controlled a emergency services unit which is held out to the public as having qualified personnel and equipment to respond to medical emergencies, and had a duty to provide said services..

156.    Upon information and belief, a request was made on April 22, 2005, a request was made  to the COUNTY and/or the AMBULANCE emergency services unit to provide emergency medical assistance and transportation to a hospital for JOHN COX.

157.    Upon information and belief, a vehicle carrying employees of the VILLAGE and/or the AMBULANCE emergency services unit arrived at the scene to provide emergency assistance and care to JOHN COX.

158.    Upon information and belief, emergency medical technicians and/or paramedics (defendant JOHN DOE EMT's), performing duties on behalf of and with the permission of COUNTY and/or AMBULANCE UNIT, including defendant JOHN DOE EMT'S, attempted to

43

render emergency care and treatment to JOHN COX while he was restrained with his hand cuffed and/or bound behind him and failed to have said restraints removed our repositioned. Upon information and belief, at this time, although it was available, JOHN COX was not given any treatment by means of defribrulation by defendant JOHN DOE EMT's, in an attempt to regain a heartbeat.

159. Upon information and belief, plaintiff's decedent JOHN COX was placed into an ambulance and transported to defendant BROOKHAVEN HOSPITAL, with his hands in restraints behind his back. Upon information and belief, although it was available or should have been available, JOHN COX was not given any treatment by means of defribrulation by defendants JOHN DOE EMT's and BELLPORT RESCUE UNIT / AMBULANCE UNIT, in an attempt to regain a heartbeat while being transported to the defendant BROOKHAVEN HOSPITAL.

160. Upon information and belief, the physicians, nurses, hospital staff of BROOKHAVEN HOSPITAL, and their agents, employees and/or servants violated the rights secured under the Fourteenth Amendment and 42 U.S.C. §1983 of JOHN COX and were careless, negligent and reckless in the care and treatment of JOHN COX in failing to have properly trained personnel respond to the aforementioned emergency; in failing to properly respond to the emergency situation existing at that time and place; in failing to administer adequate resuscitative efforts to john COX; in failing to attempt to use a defibrillator on JOHN COX in a timely manner; in inadequately performing cardiopulmonary resuscitation on JOHN COX; in failing to immediately assess and tend to JOHN COX, with the manner of urgency and attention that BROOKHAVEN HOSPITAL would attend to and treat a seriously injured, non-disabled /non-African-American patient.

44

161.    The defendants VILLAGE, BELLPORT RESCUE UNIT,  and/or AMBULANCE, JOHN DOE EMT'S, their agents, employees and/or servants violated the rights secured under the Fourteenth Amendment and 42 U.S.C. §1983 of JOHN COX and were careless, negligent and reckless in the care and treatment of JOHN COX in failing to have properly trained personnel respond to the aforementioned emergency; in failing to properly respond to the emergency situation existing at that time and place; in failing to administer adequate resuscitative efforts to JOHN COX; in administering resuscitative efforts in a negligent and careless manner; in failing to attempt to use a defibrillator on JOHN COX in a timely manner; in inadequately performing cardiopulmonary resuscitation on JOHN COX; in failing to immediately transport JOHN COX to a hospital in a timely manner; in having inadequate or malfunctioning equipment at the aforementioned time and place; in having an ambulance which was in disrepair at the time and place; in failing to remove JOHN COX from the ambulance in a timely manner.

162.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

### AS AND FOR A TENTH COUNT:
**Wrongful Death**

163.    Plaintiffs repeat, reiterate, and reallege the allegations set forth in ¶¶ 1 through 162 inclusive, of this complaint, with the same force and effect as though herein fully set forth.

164. That by reason of the foregoing acts and omissions by the defendants, Plaintiffs' decedent was caused to die, and to suffer conscious pain and suffering immediately prior to his death.

165. That by reason of Plaintiff's decedent's death on April 22, 2005, and as a direct result of defendants' acts (individually and collectively), the Plaintiff's decedent left behind beneficiaries, who suffered a loss of services, loss of support, and other pecuniary damages

166. That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR AN ELEVENTH COUNT
### Battery

167. Plaintiff MARY HOLLMAN repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 166 of this complaint,  with the same force and effect as though fully set forth herein.

168. The DEFENDANT POLICE OFFICERS, VILLAGE, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, lacked any legal or lawful basis, probable cause, or justification  to shoot, beat, brutalize, arrest and seize PLAINTIFF'S decedent.

169. The DEFENDANT POLICE OFFICERS having illegally and unlawfully shocked, beat, brutalized and arrested and imprisoned PLAINTIFF'S decedent, continued to violate the rights of the PLAINTIFF'S decedent as well as the laws of the State of New York further when, while

continuing the false imprisonment of PLAINTIFFS' decedent, DEFENDANT OFFICERS unlawfully subjected PLAINTIFFS' decedent to additional battery.

170.    DEFENDANT OFFICERS, wrongfully, unlawfully and without privilege, consent, emergency, necessity, license or justification, forced PLAINTIFF'S decedent to endure beating, electrical shock, and physical harm, to the severe extent of injury resulting in death. PLAINTIFF'S decedent at no time consented to such abuse or seizure of his person or property by DEFENDANT POLICE OFFICERS. Said actions by the defendant officers were intentional and aimed at injuring and causing PLAINTIFF's decedent to suffer harm, discomfort, pain and humiliation.

171.    PLAINTIFF'S decedent was shocked, held against his will, threatened, intimidated and killed, and was caused to suffer the intense fear of bodily harm, to the extent that an objective person in PLAINTIFF'S decedent's position would be left in fear of such bodily harm. PLAINTIFFS' decedent committed no violation or crime and was not charged with any violation or crime.

172.    DEFENDANT OFFICERS did intentionally, beat, electrically shock, threaten, intimidate and kill PLAINTIFF'S decedent, while placing him in fear of imminent danger and or bodily harm prior to and during said shocking and beating. Plaintiff's decedent, JOHN COX, in fact was subjected to great pain and physical injury by virtue of DEFENDANT OFFICERS' conduct, including but not limited to the unwarranted, unjustified, excessive, abusive wrongful and illegal use of a Taser weapon used on the PLAINTIFFS' decedent by the DEFENDANT OFFICERS.

173.    As a result of said and battery, PLAINTIFF'S decedent suffered, physical harm, great emotional and psychological harm, anxiety, fear, terror, humiliation, degradation and death all as a direct result of DEFENDANT OFFICERS' wrongful, unjustified and illegal conduct.

174. That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR AN TWELFTH COUNT
### False Arrest and False Imprisonment

175. Plaintiff MARY HOLLMAN repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 174 of this complaint, with the same force and effect as though fully set forth herein.

176. The COUNTY and DEFENDANT POLICE OFFICERS lacked any probable cause to stop, hold and detain the Plaintiff's decedent in custody for any period of time, no less the prolonged period of custody during which time Plaintiff's decedent was handcuffed while being taken out of the Bellport premises, despite having been subdued, injured and barely conscious at said time.

177. Without such probable cause, DEFENDANT POLICE OFFICERS wrongfully used physical force to detain the Plaintiff's decedent in handcuffs and in police custody while being transported to the defendant BROOKHAVEN HOSPITAL. Upon information and belief, Plaintiff's decedent was further handcuffed and surrounded by officers in a room, and kept there under the supervision and knowledge of the POLICE DEPARTMENT, despite his being

symptomatic of his mental disease, and not acting in an unlawful manner.

178.    The false arrest and false imprisonment of Plaintiff's decedent not only a violated Plaintiff's decedent JOHN COX's civil rights under federal law, but violated her rights under the laws of the State of New York, which are herein invoked.   This false arrest and false imprisonment were brought about and caused by the actions of Defendant POLICE OFFICERS and the same were a clear and intentional abuse of process, causing Plaintiff's decedent  severe damage.

179.    As a result of said false arrest, false imprisonment and continued false arrest, including being  transported to BROOKHAVEN HOSPITAL in handcuffs and with POLICE OFFICERS present, Plaintiff's decedent's ability to receive proper medical help was compromised by the defendants, and JOHN COX was caused to suffer pain, great emotional and psychological harm, anxiety, personal fear, and damage.

180.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

### AS AND FOR A THIRTEENTH COUNT ON BEHALF OF JOHN COX
#### Intentional Infliction of Emotional Distress

181.    Plaintiff MARY HOLLMAN repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 180 of this complaint,  with the same force and effect

as though fully set forth herein.

182.    The Defendant POLICE OFFICERS, POLICE, COUNTY, VILLAGE, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON, through their conduct, acts and omissions as set forth in the above pleaded allegations, acted outrageously and beyond the bounds of decency, for their above-stated, respective roles in (a) the wrongful detainment, punching, kicking, stomping, electrically shocking and burning, mutilating, manhandling, false arrest, prolonged captivity, intimidation, public humiliation and killing of the Plaintiff's decedent, JOHN COX, and (b) the concealment, cover-up, and failure to redress the wrongs done to Plaintiff's decedent, JOHN COX.

183.    The defendants POLICE OFFICERS, POLICE, COUNTY, VILLAGE, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON, committed the above stated reprehensible, extreme and outrageous conduct against Plaintiff's decedent, JOHN COX, with full knowledge that their conduct would cause severe and extreme emotional harm to JOHN COX, and to his close family members, including Plaintiff MARY HOLLMAN, and with such extreme emotional harm being intended.

184.    Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff's decedent was debilitated, terrified, humiliated, and caused to suffer fear for his life and anguish, up until the moment that he was in fact killed by the defendant POLICE OFFICER's violent acts committed against him.

185.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX,

has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

**AS AND FOR A FOURTEENTH COUNT ON BEHALF OF
MARY HOLLMAN:**
**Intentional Infliction of Emotional Distress**

186.    Plaintiff MARY HOLLMAN repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 185 of this complaint, with the same force and effect as though fully set forth herein.

187.    The Defendant POLICE OFFICERS, POLICE, COUNTY, VILLAGE, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON, through their conduct, acts and omissions as set forth in the above pleaded allegations, acted outrageously and beyond the bounds of decency, for their above-stated, respective roles in (a) the wrongful detainment, punching, kicking, stomping, electrically shocking and burning, mutilating, manhandling, false arrest, prolonged captivity, intimidation,  public humiliation and killing of the Plaintiff MARY HOLLMAN's brother,  JOHN COX, and (b) the concealment, cover-up, and failure to redress the wrongs done to Plaintiff's decedent, JOHN COX, with the resultant effect that Plaintiff MARY HOLLMAN has been caused to suffer great pain, shame, public humiliation and anguish, in having her brother's slaughter at the hands of the defendant POLICE OFFICERS go unpunished, unredressed, defended, concealed and supported, through the actions of the defendants VILLAGE, COUNTY, POLICE DEPARTMENT, POLICE OFFICERS, MEDICAL EXAMINER'S OFFICE, and DR. WETLI and/or WILSON.

188.    The defendants POLICE OFFICERS, POLICE, COUNTY, VILLAGE, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON, committed the above stated reprehensible, extreme and outrageous conduct against Plaintiff's decedent, JOHN COX, with full knowledge that their conduct would cause severe and extreme emotional harm to JOHN COX, and to his close family members, including Plaintiff MARY HOLLMAN, and with such extreme emotional harm being intended.

189.    Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff, MARY HOLLMAN, personally suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, depression, headaches, sleep disturbances, and grief, from having suffered the loss of her brother, the loss of his companionship, guidance, support.  Plaintiff MARY HOLLMAN further suffers the emotional and physical distress of intense stress, anguish and psychological trauma, knowing that her brother, Plaintiff's decedent JOHN COX, was debilitated, terrified, humiliated, and caused to suffer fear for his life and anguish, up until the moment that he was in fact killed by the defendant POLICE OFFICER's violent acts committed against him.

190.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

## AS AND FOR A FIFTEENTH COUNT ON BEHALF OF
## MARY HOLLMAN:
### Negligent Infliction of Emotional Distress

191.    Plaintiff MARY HOLLMAN repeats and reiterate and re-alleges each and every allegation contained in paragraphs 1 through 190 of this complaint, with the same force and effect as though fully set forth herein.

192.    The Defendant POLICE OFFICERS, POLICE, COUNTY, VILLAGE, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON, through their conduct, acts and omissions as set forth in the above pleaded allegations, acted negligently, outrageously and beyond the bounds of decency, for their above-stated, respective roles in (a) the wrongful detainment, punching, kicking, stomping, electrically shocking and burning, mutilating, manhandling, false arrest, prolonged captivity, intimidation,  public humiliation and killing of the Plaintiff MARY HOLLMAN's brother, JOHN COX, and (b) the concealment, cover-up, and failure to redress the wrongs done to Plaintiff's decedent, JOHN COX, with the resultant effect that Plaintiff MARY HOLLMAN has been caused to suffer great pain, shame, public humiliation and anguish, in having her brother's slaughter at the hands of the defendant POLICE OFFICERS go unpunished, unredressed, defended, concealed and supported, through the actions of the defendants VILLAGE, COUNTY, POLICE DEPARTMENT, POLICE OFFICERS, MEDICAL EXAMINER'S OFFICE, and DR. WETLI and/or WILSON.

193.    The defendants POLICE OFFICERS, POLICE, COUNTY, VILLAGE, MEDICAL EXAMINER'S OFFICE and DR. WETLI and/or WILSON, in committing the above stated reprehensible, extreme and outrageous conduct against Plaintiff's decedent, JOHN COX, knew and / or should have known that their conduct would cause severe and extreme emotional harm

to JOHN COX, and to his close family members, including Plaintiff MARY HOLLMAN, and with such extreme emotional harm being intended and /or negligently and recklessly visited upon Plaintiff, MARY HOLLMAN.

194.    Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff, MARY HOLLMAN, personally suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, depression, headaches, sleep disturbances, and grief, from having suffered the loss of her brother, the loss of his companionship, guidance, support.  Plaintiff MARY HOLLMAN further suffers the emotional and physical distress of intense stress, anguish and psychological trauma, knowing that her brother, Plaintiff's decedent JOHN COX, was debilitated, terrified, humiliated, and caused to suffer fear for his life and anguish, up until the moment that he was in fact killed by the defendant POLICE OFFICER' s violent acts committed against him.

195.    That by reason of the foregoing, plaintiff MARY HOLLMAN, as administrator of the Estate of SAMUEL A. COX, the former proposed administrator of the Estate of JOHN COX, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00). As a result of defendants' acts, plaintiff suffered, and is entitled to, damages sustained to date and continuing as well as punitive damages, costs and attorney's fees against the defendants, to be held jointly and severally liable.

WHEREFORE, Plaintiffs demand judgment against defendants:

a.      On the First Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

b.      On the Second  Count in the sum of TEN MILLION DOLLARS ($10,000.000.00);

c.      On the Third Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

d.      On the Fourth Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

e.      On the Fifth Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

f.      On the Sixth Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

g.      On the Seventh Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

h.      On the Eighth Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

I.      On the Ninth Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

j.      On the Tenth Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

k.      On the Eleventh Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

l.      On the Twelfth Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

m.      On the Thirteenth Count in the sum of TEN MILLION DOLLARS ($10,000,000.00);

n.      On the Fourteenth Count in the sum of TEN MILLION DOLLARS($10,000,000.00);

o.      On the Fifteenth Count  in the sum of TEN MILLION DOLLARS ($10,000,000.00);

p.      Punitive damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00);

I.      Award attorney's fees and costs of this action to the plaintiff, pursuant to 42 U.S.C.

§ 1988;  and award such other and further relief as this Court may deem appropriate.

### A JURY TRIAL IS HEREBY DEMANDED

Dated: Hempstead, NY
      July 20, 2006

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By      _____
FREDERICK K. BREWINGTON (FB-5299)
*Attorneys for Plaintiffs*
50 Clinton Street, Suite 501
Hempstead, New York 11550
Tel: (516) 489-6959

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARY HOLLMAN, individually and as the Administrator
of the Estate of SAMUEL A. COX, and the Estate of
SAMUEL A. COX, on behalf of decedent JOHN COX,

                                          Plaintiff,

                    -against-

COUNTY OF SUFFOLK, VILLAGE OF BELLPORT,
SUFFOLK COUNTY POLICE DEPARTMENT,
Suffolk Homicide Commander Det. Lieutenant
JACK FITZPATRICK, in his individual and
official capacity, POLICE OFFICERS "JOHN DOE"
1 through 10, whose names are known by the
defendants but as of yet are not known by Plaintiffs,
OFFICE OF THE SUFFOLK COUNTY
MEDICAL EXAMINER, CHARLES WETLI, M.D.,
Medical Examiner, in his individual and official capacity
JAMES C. WILSON, M.D., Deputy Medical Examiner,
in his individual and official capacity, BROOKHAVEN
MEMORIAL HOSPITAL MEDICAL CENTER,
INCORPORATED VILLAGE OF BELLPORT,
BELLPORT AMBULANCE RESCUE UNIT,
(a.k.a. BELLPORT E.M.T.UNIT), JOHN DOE EMT'S,
each in their individual and official capacity, and
JOHN DOE, Ambulance Driver, in his individual and
official capacity,

                                          Defendants

------------------------------------------------------------X

SUMMONS AND COMPLAINT

------------------------------------------------------------X

LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959

DOCKET NO.: