UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARY HOLLMAN, as the Administrator of
the Estate of SAMUEL A. COX, and the Estate of         DOCKET NO.: CV-06-3589
SAMUEL A. COX, on behalf of decedent JOHN COX,                       (JFB)(ARL)

                      Plaintiff,


           -against-


COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, Suffolk Homicide Commander
Det.  Lieutenant JACK FITZPATRICK, in his individual
and official capacity, POLICE OFFICERS "JOHN DOE"
1through 10, whose names are known by the
Defendants but as of yet are not known to the Plaintiff,
OFFICE OF THE SUFFOLK COUNTY MEDICAL
EXAMINER, CHARLES WETLI, M.D., Medical Examiner
in his individual and official capacity, JAMES C. WILSON,
M.D., Deputy Medical Examiner, in his individual and
official capacity, BROOKHAVEN MEMORIAL HOSPITAL,
MEDICAL CENTER, SOUTH COUNTRY AMBULANCE,
EMT L. SMITH, in his individual and official capacity,
EMT D. TOFENY, in his individual and official capacity,
EMT S. AKGAVRI, in his individual and official
capacity, and AMBULANCE DRIVE M. SNEEL, in his
individual and official capacity,

                      Defendants.
---------------------------------------------------------------------X

## PROPOSED JOINT PRE-TRIAL ORDER

**TRIAL COUNSEL**

**PLAINTIFFS' COUNSEL**
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
Law Offices of
Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, New York 11550

(o)  (516) 489-6959
(f)  (516) 489-6958

**DEFENDANTS' COUNSEL**
BRIAN C. MITCHELL
*Attorneys for Defendants*
Office of the County Attorney
County of Suffolk
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788
(o) (631) 853-4055
(f)  (631) 853-5833

## SUBJECT MATTER JURISDICTION

*Plaintiff's Statement*

This action is brought by Plaintiff pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 Fifth and Fourteenth Amendment to the United States Constitution. Subject matter jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3), 1391(b)  and the aforementioned statutory provisions.  This Court is requested to exercise pendant jurisdiction with respect to the State law claims pursuant to 28 U.S.C. §1367.

*Defendants' Statement*

The defendants contend that the plaintiff does not possess claims upon which relief may be granted under 42 U.S.C. §1981, 1983, 1985 and 1986 and that the Court accordingly lacks subject matter jurisdiction under 28 U.S.C. §1331 and §1343

## SUMMARY OF CLAIMS AND DEFENSES

***PLAINTIFF'S CLAIMS***

Plaintiff seeks to the hold the Defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, OFFICE OF THE SUFFOLK COUNTY MEDICAL EXAMINER, (hereinafter collectively "COUNTY DEFENDANTS") Det. Lieutenant JACK FITZPATRICK (hereinafter "FITZPATRICK"), CHARLES WETLI, M.D. (hereinafter "DR. WETLI"), JAMES C. WILSON, M.D. (hereinafter "DR. WILSON), POLICE OFFICERS JOHN DOES 1 through 10 (hereinafter "JOHN DOES") liable pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986, Battery, Negligence, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

On April 29, 2009, Defendants BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, (hereinafter "BROOKHAVEN") and SOUTH COUNTRY AMBULANCE, EMT L. SMITH, EMT D. TOFENY, EMT S. AKGAVRI, and AMBULANCE DRIVE M. SNEEL, (hereinafter collectively "SOUTH COUNTRY EMTS) filed dispositive motions, seeking dismissal of all of Plaintiff's claims. In its Memorandum and Order of January 11, 2013, the Court granted Defendant BROOKHAVEN'S motion for summary judgment thereby dismissing Plaintiff's claims against said Defendants. In its Memorandum and Order of June 15, 2011, the Court granted Defendants' SOUTH COUNTRY EMTS motion for summary judgment thereby dismissing Plaintiff's claims against said Defendants.

All claims against Defendants SUFFOLK COUNTY, FITZPATRICK, DR. WETLI, DR. WILSON, and JOHN DOES 1-10, remain to be tried.

### *DEFENDANTS' DEFENSES*

The defendants contend that the Complaint fails to state a claim upon which relief can be granted. The defendants acted in what they did, if at all, solely pursuant to their duties and responsibilities as law enforcement officials, and at all times acted in good faith in that they were exercising and acting within their statutory and constitutional powers. The individual defendants actions were justified by the facts and circumstances presented. Additionally, they acted reasonably and in good faith in the discharge of their official duties and responsibilities and reasonably believed that their conduct was lawful, and are consequently entitled to judgment in their favor on the basis of qualified immunity.

The defendants contend that the force used, if any against plaintiff John Cox, was reasonable under the circumstances and privileged. The defendants contest the true nature, extent and cause of the plaintiff's purported injuries. Moreover, the defendants contend that the damages sustained by the plaintiff, if any, were caused by his own culpable and/or negligent conduct.

The defendants contend that the claims against defendants Det. Lieutenant Jack Fitzpatrick, Charles Wetli, and James C. Wilson are barred by the intracorporate conspiracy doctrine. See, Farbstein v. Hicksville Pub. Library, 254 F.App'x 50, 51 (2d. Cir. 2007); Quinn v. Nassau County Police Dep't, 53 F.Supp.2d 347, 359-60 (E.D.N.Y. 1999).

The defendants contend that there is no viable constitutional claim stated or which can be proven against the municipal defendant. The evidence listed in this Joint Pre-Trial order indicates that there is no viable Monell claim that can be asserted and that the evidence is insufficient as a matter of law to support any purported Monell claim against the municipal defendant. No such evidence exists because there was no constitutional violation in this action and there was no

unconstitutional policy, practice or custom that allegedly caused the plaintiff's alleged injuries, that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by defendants authorized the alleged deprivation of plaintiff's constitutional rights.

Plaintiff was not denied adequate medical care and there is no evidence that any defendant acted with deliberate indifference to a serious medical need of the plaintiff.

To the extent that the complaint purports to set forth derivative claims under 42 U.S.C. § 1983, said claims are not cognizable in law.

To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.  To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the Statute of Limitations.

## JURY/NON-JURY TRIAL

### *PLAINTIFF'S STATEMENT:*

The Plaintiff agrees that this action is to be tried before a jury.   Plaintiff anticipates that his case can be presented in **10 trial days.**

### *DEFENDANTS' STATEMENT*

The Defendants agree that this action is to be tried before a jury.  Defendants anticipate that their case can be presented in approximately **5 trial days**

### *STATEMENT BY ALL PARTIES*

_____The parties have not consented to try this case before a Magistrate Judge.   The parties anticipate that trial in this matter can be presented in **three (3) weeks.**


## STIPULATIONS AND UNDISPUTED FACTS

The parties have not stipulated to any facts or law in this matter.


## PLAINTIFFS' WITNESSES

### *PLAINTIFF'S FACT WITNESSES*

Plaintiff may call one or more of the following witnesses:

1. Mary Hollman
Ms. Hollman is the Plaintiff, the daughter of decedent Samuel A. Cox, and sister of decedent John Cox.  Ms. Hollman will be called upon to testify in person.

2. Det. Lt. Jack Fitzpatrick
Det. Lt. Fitzpatrick, and is a Defendant in this matter.  Det. Lt. Fitzpatrick is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

3.      Charles Wetli, M.D.

Dr. Wetli, is a Defendant in this mater, and is employed by the Office of the Suffolk County Medical Examiner, 725 Veterans Memorial Highway, Hauppauge, New York 11787, and will be called upon to testify in person.

4.      James C. Wilson, M.D.

Dr. Wilson is a Defendant in this matter, and is employed by the Office of the Suffolk County Medical Examiner, 725 Veterans Memorial Highway, Hauppauge, New York 11787, and will be called upon to testify in person.

5.      Gwen I. Harleman, M.D.

Dr. Harleman is a non party witness, and is employed as the Deputy Medical Examiner in the Office of the Suffolk County Medical Examiner, 725 Veterans Memorial Highway, Hauppague, New York 11787 and will be called upon to testify in person.

6.      Sergeant Kevin Lixfield

Sgt. Lixfield is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

7.      P.O. Jack Fitzpatrick

Officer Fitzpatrick is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

8.      P. O. Sean Neknez

Officer Neknez is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

9.      Lieutenant Donald Meyers

Lt. Meyers is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

10.     P. O. David Doherty

Officer Doherty is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

11.     Detective A. Ciccotto

Det. Ciccotto is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

12.     P.O. Popielaski

Officer Popielaski is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

13.     P.O. A. Acevedo

Officer Acevedo is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

14.     P.O. Edward Ryby

Officer Ryby is a non party witness, is employed by the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, N.Y., and will be called upon to testify in person.

15.     Patrick Orlando

Mr. Orlando is a non party witness, is employed Brookhaven Medical Center, and will be called upon to testify in person.

16.     Joseph J. Sachter, M.D.

Dr. Sachter is a non party witness, is employed by Brookhaven Medical Center, and will be called upon to testify in person.

17.     Carol Burke, R.N.

Nurse Burke is a non party witness, is employed by Brookhaven Medical Center, and will be called upon to testify in person.

18.     Emergency Medical Technician Lindsay Smith

EMT L. Smith is a non party witness, and is employed by the South Country Ambulance Co., and will be called upon to testify in person.

19.     Syeda Alqadri

Mr. Alqadri is a non party witness, and is employed by the South Country Ambulance, and will be called upon to testify in person.

20.     Emergency Medical Technician Daniel Totong (a/k/a D. Tofeny)

EMT D. Totong is a non party witness, and is employed by the South Country Ambulance Co., and will be called upon to testify in person.

21.     Emergency Medical Technician S. Akgavri

EMT S. Akgavri is a non party witness, and is employed by the South Country Ambulance Co., and will be called upon to testify in person.

22.     Myrna Griffin-SNEEL (a/k/a M. Sneel)

M. Sneel is a non party witness, and is employed by the South Country Ambulance Co., and will be called upon to testify in person.

23.     Georgia Harris

Ms. Harris is a non party witness, and resides at 601 Taylor Avenue, Bellwort, New York, and will be called upon to testify in person.

24.     Lucille Harris

Ms. Harris is a non party witness, and resides at 601 Taylor Avenue, Bellwort, New York, and will be called upon to testify in person.

25.     Darryl Harris

Mr. Harris is a non party witness, and will be called upon to testify in person.

26.     Marjorie Jackson

Ms. Jackson is a non party witness, and resides at 164 Hilltop Drive, Brentwood, New York 11717, and will be called upon to testify in person.

27.     Joe Grey

Mr. Grey is a non party witness, and resides at 734 Bayview Avenue, Bellwort, New York, and will be called upon to testify in person.

28.     Dwarence Hutley

Mr. Hutley is a non party witness, and resides at 24 Carver Blvd., Bellwort, New York, and will be called upon to testify in person.

29.     Aireal Irizarry

Ms. Irizarry is a non party witness, and resides at 24 Carver Blvd., Bellwort, New York, and will be called upon to testify in person.

30.     Willie Raymond Robinson

Mr. Robinson is a non party witness, and resides at 216 Horseblock Road, Farmingville, New York 11738-1211, and will be called upon to testify in person.

31.     Anthony Gonzola

Mr. Gonzola is a non party witness, and resides at 258 West First Street, West Islip, New York 11795, and will be called upon to testify in person.

32.     Arnold Roundtree

Mr. Roundtree is a non party witness, and will be called upon to testify in person.

33.     Jasmine Blunt

Ms. Blunt is a non party witness, and will be called upon to testify in person.

34. Darren Tomey

Mr. Tomey is a non party witness, and will be called upon to testify in person.

35. Samuel Lenord

Mr. Lenord is a non party witness, and will be called upon to testify in person.

## PLAINTIFF'S EXPERT WITNESSES

### *PLAINTIFF'S STATEMENT*

Plaintiff will call the following expert(s) to testify in her case in chief:

1. William Manion, M.D.

2. Michael S Morse, Ph.D.,

3. Edward Mamet

4. John L. Coulehan, M.D., M.P.H., F.A.C.P.

## DEFENDANTS' WITNESSES

### *DEFENDANTS' FACT WITNESSES*

The defendants reserve their right to offer the relevant and admissible testimony of any and all witnesses identified by the plaintiffs, whether or not the plaintiffs actually call such witnesses at the time of trial. (Such witnesses are hereby incorporated by reference.)

In addition to the parties, the defendant's may also call the following witnesses:

1) Charles Wetli, M.D.

2) James C. Wilson, M.D.

3) Suffolk County Police Officer Ciara Beseler
**Objection pursuant to: FRCP 26**

4) Suffolk County Police Officer Janine Musmacher
**Objection pursuant to: FRCP 26**

10

5) Suffolk County Police Officer Thomas Hannafey
*Objection pursuant to: FRCP 26*

6) Suffolk County Police Officer Michael Campbell
*Objection pursuant to: FRCP 26*

7) Suffolk County Detective Sergeant Vincent Posillico
*Objection pursuant to: FRCP 26*

8) Suffolk County Detective Pasquale Albergo
*Objection pursuant to: FRCP 26*

9) Suffolk County Detective Ronald Tavares
*Objection pursuant to: FRCP 26*

10) Suffolk County Detective Daniel Malloy
*Objection pursuant to: FRCP 26*

11) Suffolk County Crime Lab Analyst Matthew Dinizio
*Objection pursuant to: FRCP 26*

12) Suffolk County Crime Lab Analyst George Krivosta
*Objection pursuant to: FRCP 26*

13) Suffolk County Crime Lab Analyst George Hopkins
*Objection pursuant to: FRCP 26*

## **DEFENDANTS' EXPERT WITNESSES**

*DEFENDANTS' STATEMENT*

Gwen I. Harleman, M.D. will testify as to the cause and manner of death and autopsy findings of John Cox.

*Objection pursuant to: FRCP 26(a)(2)*

## DEPOSITION DESIGNATIONS

*PLAINTIFFS' DESIGNATIONS:*

None, except in the event of the unavailability of witness or for impeachment purposes.

*DEFENDANTS' DESIGNATIONS:*

The defendants' reserve the right to use deposition testimony if the witness is unavailable and for the purpose of impeachment.

**EXHIBITS**

*PLAINTIFF'S EXHIBITS*

Plaintiff may offer the following exhibits in its case in chief (as well as exhibits identified by Defendants):

1. Amended Complaint

2. Defendants Answer

3. Brookhaven Memorial Hospital medical records, bates stamp #000001-72.

4. Pilgrim State Psychiatric Hospital medical records, bates stamp #000074-000357.

5. Marry Hollman's Letters of Administration, bates stamp #000358-359.

6. John Cox's Death Certificate, bates stamp #000360

7. John Cox Autopsy Report, by Gwen I. Harleman, M.D., autopsy conducted on April 23, 2005, bates stamp #000361-390.

8. John Cox Autopsy Report, by Lone Thanning, M.D., autopsy conducted on April 27, 2005, bates stamp #000391-405.

9. Suffolk County Medical Examiner autopsy photographs of John Cox.

10. Photographs of the location of the incident described in the complaint, bates stamp #000406-408

11. Suffolk County Police Department Use of Force: Use of Firearms and Deadly Physical Force

12. Brookhaven Laboratory/Radiology Orders for John Cox (April 22, 2005 at 22:45).

13. Brookhaven Triage/Nursing Assessment, Johnny Cox (April 22, 2005 at 20:50)

14. South Country Ambulance Co., excerpts from Policy, Protocol, and Procedure Manual: Responsibilities of Patient Care Providers, When: Receiving Hospital Request Crew Divert with Patient

15. South Country Ambulance Co., excerpts from Policy, Protocol, and Procedure Manual: Responsibilities of Patient Care Providers, When: Transport of Psychiatric Patient

16. New York State Department of Health, Bureau of Emergency Medical Services, Statewide Basic Life Support Adult & Pediatric Treatment Protocols EMT-B and AEMT, Version III (2003).

17. Article: Marzulli, John, New York Daily News, NYPD: L.I. COPS BIASED, (Dec. 14, 2004)

18. Article: NYCLU, NYCLU Seeks Records Detailing Race of Drivers Stopped by Suffolk County Police (April 10, 2008) (http:www.nyclu.org/node/1711)

19. Article: Barnard, Anne, NYTimes, Assaults on Latinos Spur Inquiry, (January 13, 2009)(http:www.nytimes.com)(accessed 6/24/2009).

20. Article: Christian Murray & Samuel Buchey, Newsday "Dead After Cop Scuffle: Authorities and witnesses differ over officers' struggle with a man who died after being shot by stun gun" (April 24, 2005 ).

21. Brookhaven Emergency Physician Record and Cardio Pulmonary Arrest Flow Sheet for John Cox.

22. DVD containing Brookhaven Memorial Hospital Medical Center's surveillance video of the arrival of John Cox in ambulance

23. Zyprexia Information Sheet.

24. Suffolk County Police Department (SCPD) Investigative report of arrest of John Cox

25. Suffolk County Police Department Use of Physical Force Regulations

26. Suffolk County Police Department Taser Training Program

27. Copy of WebM.D. Cocaine Topic     Overview

28. Copy of 911 Transcript (April 22, 2005)

29. Copy of  Witness Statement of Georgia Harris to Suffolk County Police

30. Copy of Witness Statement of Daryl Harris to Suffolk County Police

31. Copy of Witness Statement of Arnold Roundtree to Suffolk County Police

32. Copy of Witness Statement of Jasmine Blunt to Suffolk County Police

33. Copy of Witness Statement of Darren Tomey to Suffolk County Police

34. Copy of Witness Statement of Samuel Lenord to Suffolk County Police

**(*Defendants object to exhibits 29 through 34 on the grounds of hearsay. Defendants do not object to the use of the statements for the purposes of impeachment or to refresh the recollection of the witness*).**

35. Copy of, TASER Instructor Certification Lesson Plan Version 11 (January 2004).

36. Copy of, TASER Instructor Certification Lesson Plan Version 12 (November 2004).

37. Copy of Suffolk County Police Department TASER Training Program, Student Notes.

38. Memo book of Detective Al Ciccotto, I.D. No.: 1077/3310, Suffolk County Homicide Squad, #05-203495 Death Investigation of John Cox, D.O.B. 1/18/66, Pron. 4/22/05

39. Copy of Dr. William L. Manion Expert Report & Resume February 1, 2011.

40. Copy of Michael Morse Expert Report & Resume November 19, 2009.

41. Copy of Edward Mamet Expert Report and Resume August 17, 2009.

42. Copy of John L. Coulehan Expert Report and Resume November 19, 2009

**(*Defendants object to exhibits 39 through 42 in the event the witness is not called in person by the plaintiff to testify on the grounds of hearsay*)**

*DEFENDANTS EXHIBITS:*

*The defendants reserve their right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by the plaintiffs, whether or not the plaintiffs actually offer such exhibits. (Said exhibits are hereby incorporated by reference.)*
*The defendants may also offer the following additional exhibits:*

1. Police Department Radio Transmissions and 911 tapes relating to the claim.
   **Objection pursuant to: FRCP 26**

2. All Suffolk County Police Department paperwork relating to the claim.
   **Objection pursuant to: FRCP 26**

3. All Medical Records of John Cox.

4. All Suffolk County Crime Scene Photographs
   **Objection pursuant to: FRCP 26**

5. Diagram of the incident location
   **Objection pursuant to: FRCP 26**

6. Autopsy and photographs.

7. Suffolk County Crime Lab Reports of Analysis.
   **Objection pursuant to: FRCP 26**

8. South Country Ambulance Records relating to the transport of John Cox to Brookhaven Memorial Hospital.
   **Objection pursuant to: FRCP 26**

9. Permission to Search form signed by Lucille Harris
   **Objection pursuant to: FRCP 26**

*Plaintiff objects to the use of documents 1, 2, 4, 5, 7, 8, 9 as these documents were not disclosed pursuant to FRCP 26.*

## **RESERVATION OF RIGHTS**

Subject to the ruling of this Court, Plaintiff and Defendants, by and through counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to use any relevant and admissible exhibit identified by Plaintiff's or Defendants' exhibits lists whether or not the Plaintiff or Defendants actually offer such exhibit at the time of trial.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to object to any of Plaintiff's or Defendants' exhibits which have not been provided to either party.

Subject to the ruling of this Court, Plaintiff and Defendants respectfully reserve the right to offer for evidence any items, information and documents obtained pursuant to subpoena.

Subject to the ruling of this Court, Plaintiff and Defendants additionally reserve the right to object to Plaintiff's or Defendants' exhibits based on relevancy or other evidentiary grounds.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to the use of depositions in the case of unavailability of a witness.

Dated: August 5, 2013

| | |
|---|---|
| FREDERICK K. BREWINGTON | BRIAN C. MITCHELL |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| LAW OFFICES OF | OFFICE OF THE COUNTY ATTORNEY |
| FREDERICK K. BREWINGTON | COUNTY OF SUFFOLK |
| 556 Peninsula Boulevard | H. Lee Dennison Building |
| Hempstead, New York 11550 | 100 Veterans Memorial Highway |
| /S/ | Hauppauge, New York 11788 |

_____
FREDERICK K. BREWINGTON

/S/

_____
BRIAN C. MITCHELL